

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. I. Predeoki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-7317
Re: Commissions payable to
    county officials in
    Game, Fish & Oyster
    Law Violations.

Your request for an opinion of this department, dated
July 27, 1946, refers us to Article 4025, Revised Civil Statutes
of Texas, also Articles 950 and 951, Code of Criminal Procedure,
relating to commission for county attorney, sheriff, and clerk
of the court, and you desire to know the commission that these
officials are entitled to receive in cases filed under the
Game, Fish & Oyster laws.

Article 950, C. C. P., provides:

"The district or county attorney shall be
entitled to ten per cent of all fines, forfeitures
or moneys collected for the State or county, upon
judgments recovered by him; and the clerk of the
court in which said judgments are rendered shall
be entitled to five per cent of the amount of said
judgments to be paid out of the amount when
collected."

Art. 951 of said Procedure Statutes, provides:

"The sheriff or other officer, except a justice
of the peace or his clerk, who collects money for
the State or county, except jury fees, under any pro-
vision of this Code, shall be entitled to retain
five per cent thereof when collected."

Article 4025, Revised Civil Statutes of Texas, con-
cerning the Fish and Oyster Laws, provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. I. Predecki, page 2

> "Of all fines collected for infraction of the
> fish and oyster laws, ten per cent shall go to the
> prosecuting attorney, and the residue thereof shall
> go to the general fund of this State. . . . . ."

We deem it necessary to here point out that in all
cases where such commissions are allowed, same are collected
and paid into the officers salary fund of the county where
the officers are paid on a salary basis.

The general commission statutes above quoted were
considered in connection with Art. 912 and Art. 923qq of the
Penal Code in our Opinion No. O-578, approved September 22,
1939. We deem it unnecessary to cite herein the foregoing
articles of the Penal Code but enclose herewith a copy of the
above mentioned opinion wherein this department held that
fines collected under the Game Laws relating to fur-bearing
animals should be remitted after deducting the commissions
set out in Art. 923qq of the Penal Code. As to other viola-
tions of the Game Laws, Art. 912 applies after deducting the
commissions allowed in Art. 950 and 951 of the Code of Criminal
Procedure.

It is necessary to consider another Article of the
Penal Code, Art. 934a, relating to commercial fishermen and
wholesale dealers' licenses. This article provides in Sec.
8, and repeated substantially in Sec. 9, as follows:

> ". . . .
>
> "All moneys collected under the provisions
> of this Act, or because of fines paid for viola-
> tions of the provisions of this Act, shall be
> remitted to the Game, Fish & Oyster Commission
> at its office in Austin, Texas, not later than
> the 10th day of the month following their collec-
> tion and shall be deposited by said Game, Fish
> and Oyster Commission in the State Treasury to
> the credit of the Fish and Oyster Fund."

This department held, in Opinion No. O-5334, approved
July 23, 1943, that the entire fine assessed and collected for

violation of Article 934e must be remitted to the Game, Fish & Oyster Commission for deposit in the State Treasury to the credit of the Fish and Oyster Fund. The foregoing general commissions statutes, together with Art. 4025, Revised Civil Statutes of Texas, were considered in this opinion.

With the exception of the foregoing special Acts, there remains to be considered the question of commission on all other infraction of the Fish and Oyster Laws as mentioned in Article 4025, supra.

It is noted that Article 4025, Revised Civil Statutes, specifically mentions the ten per cent of all fines collected going to the prosecuting attorney and does not mention the other commissions referred to in the general statutes. This article being a special statute with reference to the Fish and Oyster Laws, and a later act by the Legislature, would control over the general commission statutes.

Summing up and answering your request, it is the opinion of this department that all fines collected under the Game Laws relating to fur-bearing animals should be remitted after deducting commissions set out in Art. 923qq. Applying Article 912 of the Penal Code to other violations of the Game Laws, commissions would be allowed under Articles 950 and 951 of the Code of Criminal Procedure. The entire fine assessed and collected for a violation under Art. 934e of the Penal Code must be remitted to the Game, Fish & Oyster Commission with no commissions allowed thereon. As to infractions of the Fish and Oyster laws, all fines collected, with the exception of the ten per cent to the prosecuting attorney, under the provisions of Art. 4025, should be turned in to the Game, Fish and Oyster Commission, with no other commissions allowed thereon.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:wt

1946



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN